Todd M. Friedman (SBN 216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 W. Oxnard St. #780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com

*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN WELLS, individually and on behalf of all others similarly situated, | Case No. 5:21-cv-00928 |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF:** |
| DEBT RECOVERY SOLUTIONS, LLC, | **(1)  Federal Fair Debt Collection Practices Act [15 U.S.C. §1692]** |
| Defendant. | **(2)  Rosenthal Fair Debt Collection Practices Act [Cal. Civ. § 1788 et seq.]** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, Dawn Wells ("Plaintiff"), individually, and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

### NATURE OF THE CASE

1. This is a class action brought on behalf of all consumer debtors who received communications from Defendant in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA").

---

**CLASS ACTION COMPLAINT**
-1-

## JURISDICTION & VENUE

2.     The Court has jurisdiction over Plaintiff's FDCPA cause of action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. §1367.

3.     Venue is proper in the Central District of California pursuant to 18 U.S.C. § 1391(b) because Defendant does business in the Central District of California, and because Plaintiff is a resident of San Bernardino County, California, which is within the Central District of California.

## PARTIES

4.     Plaintiff, Dawn Wells ("Plaintiff"), is a natural person residing in San Bernardino County, State of California who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering her a "consumer," under the FDCPA, 15 U.S.C. §1692a(3), and a "debtor" under the RFDCPA, *Cal. Civ. Code* §§1788.2(h).

5.     Defendant, Debt Recovery Solutions, LLC ("Defendant"), is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendant is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)6. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection, thereby qualifying it as a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c). The debts Defendant attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5), and as "consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

## FACTUAL ALLEGATIONS

6. On or about January 26, 2021, Plaintiff received a letter from Defendant attempting to collect an alleged outstanding debt.

7. The letter alleged that Plaintiff had an outstanding debt of 3309.04 dollars, and that the original creditor of the alleged debt was "Installment Loan."

8. Defendant's identification of the original creditor as "Installment Loan" was deceptive and insufficient to inform Plaintiff as to who the original creditor was, or what the alleged debt is for.

8. The letter further informed Plaintiff that if she paid Defendant 1654.52 dollars before March 20, 2021, it would close her account and consider the matter resolved.

9. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a. Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C. §1692e(2)(A));

    b. Falsely representing to Plaintiff that services were rendered or that compensation maybe lawfully received by Defendant for collection of Plaintiff's debt (15 U.S.C. §1692e(2)(B));

    c. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (15 U.S.C. §1692e(10));

10. The letter also failed to notify Plaintiff of her debtor rights as required by the Rosenthal Fair Debt Collection Practices Act and Fair Debt Collection Practices Act. In particular, the letter failed to provide the disclosure required by Cal. Civ. § 1812.700(a)).

## CLASS ALLEGATIONS

11. Plaintiff brings this action pursuant to Code of Civil Procedure section 382 and/or other applicable law on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter the "Classes") defined as follows:

> **Class One:** All persons in California who received a letter from Defendant within one (1) calendar year from the filing of the instant complaint wherein Defendant did not provide notice to the debtor of debtor rights as required by Cal. Civ. Code §1812.700(a); and
> **Class Two:** All persons within the United States, except the state of California, who received a letter from Defendant within one (1) calendar year from the filing of the instant complaint wherein Defendant did not provide notice to the debtor of debtor rights as required by Cal. Civ. Code §1812.700(a); and

12. Specifically excluded from the proposed Classes are Defendant; any entities in which Defendant has a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant. The Classes' claims are based on the RFDCPA, *Cal. Civ. § 1788 et seq.* and 15 U.S.C. §1692, et seq.

13. This action is brought and may be properly maintained as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

14. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the members of the Classes are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Classes include thousands of members. Plaintiff alleges that the

members of the Classes may be ascertained by the records maintained by Defendant.

15. Common questions of fact and law exist as to all members of the Classes which predominate over any questions affecting only individual members of the Classes. These common legal and factual questions, which do not vary between members of the Classes, and which may be determined without reference to the individual circumstances of any of the members of the Classes, include, but are not limited to, the following:

    a. Whether Defendant has a policy of communicating with California residents in connection with the collection of an alleged debt wherein Defendant failed to provide notice to the debtor of debtor rights;

    b. Whether Defendant has communicated with California residents in connection with the collection of an alleged debt wherein Defendant has failed to provide notice to the debtor of debtor rights; and

    c. The nature and extent of damages and other remedies to which the conduct of Defendant entitles the members of the Classes.

16. Plaintiff is asserting claims that are typical of the Classes because every other member of the Classes, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory damages up to $1,000.00 in addition to actual damages and reasonable attorneys' fees and costs pursuant to *Cal. Civ. § 1788.30*.

17. Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

18. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all members of the Classes is impracticable. Even if every member of the Classes could afford individual litigation, the court system could not. It would be

unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each of the members of the Classes.

19. The prosecution of separate actions by thousands of individual members of the Classes would also create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper disclosures which Defendant must provide to all members of the Classes when attempting to collect alleged debts.

20. The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Classes who are not parties to such adjudications or that would substantially impair or impede the ability of such non-party members of the California Classes to protect their interests.

21. Defendant has acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## COUNT I: VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

23. A debt collector may not fail to provide notice to the debtor of debtor rights. (Cal. Civ. § 1812.700).

24. As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3).

**Prayer for Damages**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

1. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
2. For statutory damages of $1,000.00 for Plaintiff, and for members of the classes, the lesser of 1% of Defendant's net worth or $500,000.00
3. For actual damages according to proof;
4. For reasonable attorneys' fees and costs of suit;
5. For prejudgment interest at the legal rate; and
6. For such further relief as this Court deems necessary, just, and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

26. *Cal. Civ. §1788.17* mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. 1692, et seq*.

27. Based upon the foregoing, Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) In addition to the requirements imposed by Article 2 (commencing with Section 1788.10) of Title 1.6C, third-party debt collectors subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.) shall provide a notice to debtors that shall include the following description of debtor rights: "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov." (Cal. Civ. § 1812.700(a)); and

    b) The notice shall be included with the first written notice initially addressed to a California address of a debtor in connection with collecting the debt by the third-party debt collector (Cal. Civ. § 1812.700(b)).

28. Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

29. As a direct and proximate result of Defendant's violations of *Cal. Civ. § 1788 et seq.*, Plaintiff and the members of the Classes have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *Cal. Civ. § 1788.30*.

30. The violations of *Cal. Civ. § 1788 et seq.* described herein present a continuing threat to members of the Classes and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

1. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
2. For statutory damages of $1,000.00 for Plaintiff and for members of the classes, the lesser of 1% of Defendant's net worth or $500,000.00For actual damages according to proof;
3. For reasonable attorneys' fees and costs of suit;
4. For prejudgment interest at the legal rate; and
5. For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of each and every claim so triable.

Respectfully submitted this 28th of May, 2021.

By:  /s/Todd M. Friedman
Todd M. Friedman
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Attorney for Plaintiff